# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                          CASE NO: 3:19-cr-5-J-32JBT

GENESIS JAVON WHITE                          ORDER ON MOTION FOR
                                                            SENTENCE REDUCTION UNDER
                                                            18 U.S.C. § 3582(c)(1)(A)

---

## O R D E R

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED

Defendant Genesis Javon White is a 31-year-old inmate incarcerated at Lee USP, serving a 195-month term of imprisonment for possession of a firearm by an armed career criminal. (Doc. 53, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on September 9, 2032. Defendant seeks compassionate release because of the Covid-19 pandemic and because he was previously shot six times and suffers from "a broken feet [sic]." (Doc. 75, Motion for Compassionate Release).[1] Defendant also claims he has a brother who is in a

---

[1]   In 2012, Defendant was shot six times in the hand, buttocks, and both legs

wheelchair, a grandmother who has Alzheimer's disease, one child with asthma, and one child with bronchitis, all of whom would benefit from his assistance as a caregiver. (Doc. 75).

A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). "Given the permissive language [of § 3582(c)(1)(A)], a district court's decision whether to grant or deny a defendant's request for a sentence reduction is discretionary." United States v. Winner, No. 20–11692, 2020 WL 7137068, at *2 (11th Cir. Dec. 7, 2020). As the Third Circuit Court of Appeals has observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Defendant has not demonstrated extraordinary and compelling reasons warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A). With respect to Covid-19, Defendant is young and he does not identify any underlying health conditions that, according to the Centers for Disease Control (CDC), render him particularly

---

during a drive-by shooting. (Doc. 48, Presentence Investigation Report [PSR] at ¶ 88). He underwent surgery to place metal rods in his legs "but did not suffer any other major injuries." (Id.). In June 2018, Defendant was also shot in the left foot while running away from an assailant, but Defendant allowed his foot to heal on its own. (Id. at ¶ 89).

susceptible to coronavirus.[2] Indeed, according to the warden's denial of Defendant's request for a reduction in sentence, he recovered from Covid-19 on November 30, 2020 "with no issues." (Doc. 75-1, Warden's Denial Letter).

With respect to Defendant's alleged family circumstances, his brother and grandmother do not qualify as family members whose incapacitation would render Defendant eligible for a reduction in sentence under the relevant policy statement. U.S.S.G. § 1B1.13, cmt. 1(C). As for the two children Defendant mentions in his Motion, there is no evidence that their caregiver has been incapacitated or that Defendant is the only other available caregiver. As such, Defendant has not demonstrated extraordinary and compelling reasons for a sentence reduction.[3]

In any event, the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction in sentence, and the Court cannot certify that Defendant is not a danger to the public, U.S.S.G. § 1B1.13(2). In the instant case, a bystander (F.J..) called the police after witnessing Defendant at a Shell gas station holding a pistol in his hand while exchanging words with another person. (Doc. 48 at ¶ 5). A police officer responded to the scene but did not locate a firearm, and all the parties left thereafter (although security camera footage revealed that Defendant placed a gun on a

---

[2] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[3] The Court recognizes that there is a split of authority over whether district courts are bound by the list of extraordinary and compelling reasons contained in U.S.S.G. § 1B1.13, cmt. 1(A)-(D). See, e.g., United State v. Ruffin, 978 F.3d 1000, 1006–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 234 (2d Cir. 2020). The Court's decision does not depend on the resolution of that issue because it would reach the same conclusion if it had independent authority to identify extraordinary and compelling reasons.

merchandise rack inside the gas station). (Id. at ¶¶ 5-6). Later, Defendant tracked down the witness at her nearby residence, approached her, "pointed a pistol at her head, pulled the trigger, and threatened F.J. by stating, 'keep my name out yo [sic] mouth.' F.J. advised that she heard the pistol 'click' after White pulled the trigger, but no bullet discharged from the pistol." (Id. at ¶ 7). Early the next morning, F.J. again called police when she witnessed Defendant return to the Shell station with a pistol, and police arrested Defendant after finding him in possession of a loaded firearm. (Id. at ¶ 8). During booking, Defendant spontaneously stated to officers: "[T]hat old b—ch that talked to y'all [sic] will be dead within a week." (Id. at ¶ 9).

Based on his threats against F.J., the PSR gave Defendant guidelines enhancements for possessing a firearm in connection with aggravated assault and for obstruction of justice. (Id. at ¶¶ 18, 21). In addition, Defendant was sentenced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), because he had three prior convictions for the sale or delivery of cocaine and another prior conviction for aggravated assault. (Id. at ¶ 23). The severity of the offense and Defendant's criminal history led the Court to impose a sentence of 195 months in prison. (See Doc. 62, Continuation of Sentencing Transcript at 7-15).

To date, Defendant has served just under 28 months in custody, or 14% of his term of imprisonment, dating from his initial arrest on September 24, 2018. (See Doc. 48 at p. 1). According to the BOP, he still has more than 11 years remaining on his sentence accounting for good time credits. In light of all the § 3553(a) factors, reducing Defendant's sentence is not warranted at this time.

4

Accordingly, Defendant's Motion for Compassionate Release (Doc. 75) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 7th day of January, 2021.



TIMOTHY J. CORRIGAN
United States District Judge

Lc 19

Copies:
Counsel of record
Defendant